NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3479-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DWAYNE BECKFORD,

 Defendant-Appellant.

__________________________________

 Submitted May 31, 2017 – Decided July 27, 2017

 Before Judges Leone and Vernoia.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 10-
 01-0068.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Lucille
 M. Rosano, Special Deputy Attorney General/
 Acting Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 Defendant Dwayne Beckford appeals from a December 4, 2015

order denying his petition for Post-Conviction Relief (PCR)
without an evidentiary hearing. Defendant claims his trial counsel

misinformed him of the immigration consequences of his plea. We

affirm.

 I.

 Defendant sold cocaine to an undercover officer. Defendant

was charged with third-degree distribution of cocaine, N.J.S.A.

2C:35-5 (Count One); third-degree distribution of cocaine within

1000 feet of school property, N.J.S.A. 2C:35-7 (Count Two); and

second-degree possession of cocaine with intent to distribute

within 500 feet of public housing, a public park, or a public

library, N.J.S.A. 2C:35-7.1 (Count Three).

 On January 22, 2010, defendant pled guilty to Count Two

pursuant to a negotiated plea deal under which Count One and Count

Three would be dismissed, and the prosecutor would recommend four

years' probation conditioned on defendant serving 364 days in

county jail.

 Defendant completed a written plea form and stated "yes" in

response to question number 17, which asked "Are you a citizen of

the United States?" Defendant stated that he had sufficient time

to review the plea form with his attorney before initialing and

signing it, that he understood it, that he had no questions

regarding it, and that all of his answers were true. However, his

presentence report subsequently revealed he was a Jamaican

 2 A-3479-15T3
national and permanent United States resident. Sentencing was

adjourned to address this issue.

 At defendant's April 19, 2010 sentencing, trial counsel

indicated she "addressed the issue of immigration" with defendant

and his family and informed them she did not specialize in

immigration law. She also stated: "I believe they've had time to

speak to an immigration attorney. It is Mr. Beckford's wish to

go forward with the sentencing today."

 The trial court then questioned defendant. The court warned

"this could result . . . in your being removed because of this

plea." Defendant said he understood. The court asked if defendant

understood that trial counsel was not an immigration attorney, and

that trial counsel and the court were unable to give him any advice

concerning the immigration consequences of his plea. Defendant

said he understood. The court also observed that defendant had

"had the opportunity to talk to an immigration attorney." The

court asked defendant if he wished to proceed with sentencing that

day. Defendant repeatedly affirmed that he did. The court

proceeded to impose the negotiated sentence. Defendant did not

file a direct appeal.

 On January 28, 2015, defendant filed his PCR petition claiming

ineffective assistance of counsel during his plea. After hearing

 3 A-3479-15T3
argument, the PCR court denied defendant's petition on December

4, 2015. Defendant appeals, raising the following argument:

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST CONVICTION
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE WAS ENTITLED TO WITHDRAW HIS GUILTY PLEA
 ON THE BASIS HE HAD FAILED TO RECEIVE ADEQUATE
 LEGAL REPRESENTATION FROM TRIAL COUNSEL
 REGARDING THE DEPORTATION CONSEQUENCES
 ARISING OUT OF HIS GUILTY PLEA, RESULTING IN
 A GUILTY PLEA WHICH HAD NOT BEEN FREELY,
 KNOWINGLY AND VOLUNTARILY ENTERED.

 II.

 Where the PCR court has not held an evidentiary hearing, we

"conduct a de novo review." State v. Harris, 181 N.J. 391, 420-

21, cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d

898 (2005). We must hew to our standard of review.

 "A defendant shall be entitled to an evidentiary hearing only

upon the establishment of a prima facie case in support of post-

conviction relief." R. 3:22-10(b). "To establish a prima facie

case, defendant must demonstrate a reasonable likelihood that his

or her claim . . . will ultimately succeed on the merits." Ibid.

The court shall not grant an evidentiary hearing "if the

defendant's allegations are too vague, conclusory or speculative."

R. 3:22-10(e)(2).

 To show ineffective assistance of counsel, a defendant must

satisfy the two-pronged test of Strickland v. Washington, 466 U.S.

 4 A-3479-15T3
668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted in State

v. Fritz, 105 N.J. 42 (1987).

 III.

 In the context of a guilty plea, defendant must show "that

(i) counsel's assistance was not 'within the range of competence

demanded of attorneys in criminal cases, and (ii) 'that there is

a reasonable probability that, but for counsel's errors, [the

defendant] would not have pled guilty and would have insisted on

going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994)

(citations omitted), cert. denied, 516 U.S. 1129, 116 S. Ct. 949,

133 L. Ed. 2d 873 (1996); see Hill v. Lockhart, 474 U.S. 52, 59,

106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985). Defendant must

also show "a decision to reject the plea bargain would have been

rational under the circumstances." Padilla v. Kentucky, 559 U.S.

356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284, 297; see State

v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

 Defendant raises two related claims. First, he claims his

trial counsel provided misinformation about the immigration

consequences of his plea. "In State v. Nunez-Valdez, 200 N.J.

129, 143 (2009), our State Supreme Court held that a defendant can

show ineffective assistance of counsel by proving that his guilty

plea resulted from 'inaccurate information from counsel concerning

the deportation consequences of his plea.'" State v. Brewster,

 5 A-3479-15T3
429 N.J. Super. 387, 392 (App. Div. 2013). "[I]n order to

establish a prima facie claim, a petitioner . . . . must allege

[specific] facts sufficient to demonstrate counsel's alleged

substandard performance." State v. Porter, 216 N.J. 343, 355

(2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App.

Div.), certif. denied, 162 N.J. 199 (1999)). Here, "defendant's

allegations are too vague, conclusory, or speculative to warrant

an evidentiary hearing." State v. Marshall, 148 N.J. 89, 158,

cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88

(1997).

 In his PCR petition, defendant alleged that prior to

sentencing the judge questioned his citizenship and "advised my

attorney to speak to [an] Immigration Lawyer before he sentenced

me," and that on the sentencing date "my attorney told me I will

be getting sentence[d] today and that my case will not be passed

onto Immigration because my charge is not deportable." In his

supplemental certification, defendant alleged trial counsel told

him prior to his plea that she did not practice in immigration law

and that she did not know how the guilty plea would affect his

immigration status, but that "later, she specifically told [him]

that my guilty plea was not the type that would result in

deportation" and that he "would be able to avoid being deported"

 6 A-3479-15T3
because his guilty plea was to probation and a county jail

sentence, rather than a state prison sentence.

 Defendant's claim of misinformation did not establish a prima

facie case under Nunez-Valdez because his allegations were flatly

contradicted by the trial record. Defendant's immigration status

was not an issue prior to his sentencing because when he entered

his plea, he misstated to his counsel and the court that he was

an American citizen. Further, when it was determined after his

plea that he was not a citizen, the record showed and defendant

acknowledged that it was defendant and his family who were to

speak with an immigration lawyer, that trial counsel could not and

did not give defendant advice on the immigration consequences of

his plea, that defendant was aware his guilty plea could result

in his deportation, and that he nonetheless chose to be sentenced

that day.

 Courts must "evaluate the sufficiency of a belated claim of

misadvice [about deportation] before granting a hearing. In so

doing, the court should examine the transcripts of the plea

colloquy and sentencing hearing[.]" Gaitan, supra, 209 N.J. at

381. Here, "it does not appear to us that anything in the record

available would support [defendant's] version of events." State

v. Santos, 210 N.J. 129, 144 (2012) (reversing the grant of an

evidentiary hearing on a claim under Nunez-Valdez because the plea

 7 A-3479-15T3
form advised the defendant he "may be deported"). "The subsequent

presentation of conclusory allegations unsupported by specifics

is subject to summary dismissal, as are contentions that in the

face of the record are wholly incredible." Blackledge v. Allison,

431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136, 147

(1977); cf. State v. Jones, 219 N.J. 298, 315 (2014) (requiring a

hearing where "the record is entirely compatible with defendant's

claim").

 Second, defendant claims his trial counsel failed to give him

correct immigration advice. After defendant's guilty plea but

before his sentencing, the Supreme Court held that to provide

effective assistance to a criminal defendant, "counsel must inform

her [noncitizen] client whether his plea carries a risk of

deportation." Padilla, supra, 559 U.S. at 374, 130 S. Ct. at

1486, 176 L. Ed. 2d at 299. Under Padilla, trial counsel normally

"need do no more than advise a noncitizen client that pending

criminal charges may carry a risk of adverse immigration

consequences." Id. at 369, 130 S. Ct. at 1484, 176 L. Ed. 2d at

296. "But when the deportation consequence is truly clear" because

"the terms of the relevant immigration statute are succinct, clear,

and explicit," such that the removal consequences of a plea can

"easily be determined from reading the removal statute," "the duty

to give correct advice is equally clear." Id. at 368-69, 130 S.

 8 A-3479-15T3
Ct. at 1483, 176 L. Ed. 2d at 295-96. Here, the immigration

consequences were clear, as defendant's plea to a drug distribution

offense, an aggravated felony, "made him subject to automatic

deportation." Id. at 360 & n.1, 130 S. Ct. at 1478 & n.1, 176 L.

Ed. 2d at 290 & n.1; see State v. Gaitan, 209 N.J. 339, 347 (2012);

see also 8 U.S.C.A. § 1101(a)(43)(B), 1227(a)(B)(i).

 Defendant's January 22, 2010 guilty plea took place before

Padilla was decided on March 31, 2010, so that counsel was unaware

of it at the time of the plea.1 Moreover, defendant's April 19,

2010 sentencing occurred less than three weeks after Padilla.

While the timing of defendant's plea and sentencing does not make

Padilla inapplicable, it does cast counsel's performance in a

different light.

 Moreover, at the time of his plea, defendant represented to

trial counsel and the court that he was a United States citizen

by his answer on the plea form and by testifying he had answered

1
 The "Court announced a new rule in Padilla" which applies to
defendants whose convictions became final after Padilla. Chaidez
v. United States, 568 U.S. 342, 358, 133 S. Ct. 1103, 1113, 185
L. Ed. 2d 149, 162 (2013); accord Gaitan, supra, 209 N.J. at 372-
73. Thus, Padilla applies to defendant's conviction because he
was sentenced after Padilla was decided. Nonetheless, "[i]t is
not insignificant to note that when [defendant] pleaded guilty on
[January 22, 2010], the failure of counsel to advise him of the
collateral consequences of deportation would not have caused her
assistance to be found ineffective." Nash v. United States, 153
F. Supp. 3d 584, 587 (E.D.N.Y. 2015).

 9 A-3479-15T3
truthfully. As a result, counsel had no reason to advise defendant

of the immigration consequences the guilty plea would have if he

were a non-citizen. "The reasonableness of counsel's actions may

be determined or substantially influenced by the defendant's own

statements or actions. Counsel's actions are usually based, quite

properly, . . . on information supplied by the defendant." State

v. DiFrisco, 174 N.J. 195, 228 (2002) (quoting Strickland, supra,

466 U.S. at 691, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695). "Counsel

cannot be faulted for failing to expend time or resources analyzing

events about which they were never alerted." Ibid.

 In any event, defendant cannot establish that he would not

have pled guilty had he been advised differently. In his

supplemental PCR certification, he alleged that if he had known

he was pleading guilty to an aggravated felony subject to automatic

deportation, he would have gone to trial rather than take the plea

bargain. However, "[c]ourts should not upset a plea solely because

of post hoc assertions from a defendant about how he would have

pleaded but for his attorney's deficiencies. Judges should instead

look to contemporaneous evidence to substantiate a defendant's

expressed preferences." Lee v. United States, 582 U.S. __, __,

__ S. Ct. __, __, 198 L. Ed. 2d 476, 487 (2017).

 The contemporaneous evidence contradicts defendant's

allegation. After it was discovered that defendant was not an

 10 A-3479-15T3
American citizen, he was given the opportunity to consult with an

immigration attorney, and was expressly advised by the trial court

that this guilty plea "could result . . . in [his] being removed."

Defendant said he understood. Nevertheless, he insisted upon

proceeding with being sentenced pursuant to his plea bargain.2

 "Generally, representations made by a defendant . . .

concerning the voluntariness of the decision to plead, . . .

constitute a 'formidable barrier' which defendant must overcome."

State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge,

supra, 431 U.S. at 74, 97 S. Ct. at 1629, 52 L. Ed. 2d at 147

(1977)). "That is so because [defendant's] '[s]olemn declarations

in open court carry a strong presumption of verity.'" Ibid.

(quoting Blackledge, supra, 431 U.S. at 74, 97 S. Ct. at 1629, 52

L. Ed. 2d at 147). Again, "[t]he subsequent presentation of

conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the

record are wholly incredible." Blackledge, supra, 431 U.S. at 74,

97 S. Ct. at 1629, 52 L. Ed. 2d at 147.

2
 Interestingly, defendant subsequently contradicted his PCR claim
that he would not plead guilty to an aggravated felony. In 2013,
defendant pled guilty to robbery, N.J.S.A. 2C:15-1, and was
sentenced to state prison. That too was an aggravated felony,
both as a crime of violence and as a theft offense. 8 U.S.C.A. §
1101(a)(43)(F), (G); see 18 U.S.C.A. § 16; Thap v. Mukasey, 544
F.3d 674, 677 (6th Cir. 2008).

 11 A-3479-15T3
 Here, when the issue of deportation was raised, and defendant

was told he could be deported if he proceeded, he proceeded without

hesitation to seek sentencing under the highly-advantageous plea

offer. See Gaitan, supra, 209 N.J. at 378-79 (ruling that where

the defendant went ahead after the court advised the guilty plea

could result in his deportation, there was no evidence of

prejudice); cf. Lee, supra, 198 L. Ed. 2d at 487-88 (stressing

that "[w]hen the judge warned him that a conviction 'could result

in your being deported,' and asked '[d]oes that at all affect your

decision about whether you want to plead guilty or not,' Lee

answered 'Yes, Your Honor.'").

 Additionally, under Padilla, "a petitioner must convince the

court that a decision to reject the plea bargain would have been

rational under the circumstances." 559 U.S. at 372, 130 S. Ct.

at 1485, 176 L. Ed. 2d at 297; see Maldon, supra, 422 N.J. Super.

at 486. Defendant sold cocaine to an undercover officer. Trial

counsel negotiated an exceedingly advantageous plea agreement for

defendant, and rejecting that deal would have exposed him to

conviction on all counts at trial and a much harsher prison

sentence, after which he would face an equal or greater risk of

deportation. Counts One and Two charged defendant with third-

degree distribution of a controlled dangerous substance offenses,

N.J.S.A. 2C:35-5 and N.J.S.A. 2C:35-7, each of which carried a

 12 A-3479-15T3
potential sentence of three to five years imprisonment. Count

Three charged defendant with second-degree possession of CDS with

intent to distribute, N.J.S.A. 2C:35-7.1, which carried a sentence

of five to ten years imprisonment.

 Instead of being sentenced to at least three years and up to

twenty years in state prison, defendant accepted a plea bargain

of guilty to one count and a sentence of probation conditioned on

service of a county jail sentence of less than one year. Defendant

did not make a prima facie case that rejecting the highly favorable

plea deal would have been rational under the circumstances. Thus,

defendant has failed to establish a prima facie case pursuant to

the Strickland/Fritz test. Accordingly, the PCR court properly

denied his petition without an evidentiary hearing.3

 Affirmed.

3
 Defendant has not renewed on appeal his claim in the PCR court
that he should have been allowed to withdraw his guilty plea under
State v. Slater, 198 N.J. 145, 157-58 (2009). Accordingly, we
need not address the denial of the Slater motion.

 13 A-3479-15T3